UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERENA KWAN,<br><br>        Plaintiff,<br><br>    v.<br><br>SANMEDICA INTERNATIONAL, LLC,<br><br>        Defendant. | Case No. 14-cv-03287-MEJ<br><br>**ORDER RE: MOTION TO DISMISS**<br><br>Re: Dkt. No. 21 |

## INTRODUCTION

Plaintiff Serena Kwan ("Plaintiff") filed this putative class action on behalf of herself and others similarly situated, against Defendants SanMedica International, LLC ("Defendant") and Sierra Research Group, LLC.[1] Pending before the Court is Defendant's Motion to Dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 21. Plaintiff filed an Opposition (Dkt. No. 33) and Defendant filed a Reply (Dkt. No. 36). The Court finds this motion suitable for disposition without oral argument and VACATES the November 13, 2014 hearing. Civil L.R. 7-1(b). Having considered the parties' positions, relevant legal authority, and the record in this case, the Court **GRANTS** Defendant's Motion for the reasons set forth below.

## BACKGROUND

The following allegations are drawn from the Complaint. Defendant manufactures, markets, sells, or distributes SeroVital, an over-the-counter supplement marketed to boost human growth hormone ("HGH"). First Am. Compl. ¶ 1, Dkt. No. 13. In its labeling and marketing

---

[1] On October 16, 2014, Plaintiff voluntarily dismissed Sierra Research Group, leaving SanMedica International, LLC as the sole remaining Defendant. *See* Dkt. No. 31.

campaigns, Defendant has made the following marketing representations: (1) that SeroVital provides a 682% mean increase in HGH levels; (2) that SeroVital is clinically tested; and (3) that "peak growth hormone levels" are associated with "youthful skin integrity, lean musculature, elevated energy production, [and] adipose tissue distribution." *Id.* ¶¶ 8, 22.

Plaintiff alleges that she viewed an advertisement promoting SeroVital in Shape magazine, and also recalled hearing about the product on the Dr. Oz Show. *Id.* ¶ 8. Plaintiff went to Defendant's website to purchase the product, and while browsing the website read representations confirming the information contained in the marketing to which she had previously been exposed. *Id.* Plaintiff purchased SeroVital based upon those representations. *Id.*

On July 21, 2014, Plaintiff filed suit in this matter. Dkt. No. 1. On August 27, 2014, Plaintiff filed an amended Complaint. Dkt. No. 13. In the operative Complaint, Plaintiff alleges two causes of action: (1) violation of California's Unfair Competition Law, Business and Professions Code section 17200 ("UCL"); and (2) violation of California's Consumer Legal Remedies Act, Civil Code section 1750 ("CLRA").

Defendant now moves to dismiss the Complaint, arguing: (1) Plaintiff brings only substantiation claims, for which there exists no available private right of action; and (2) even if Plaintiff's claims are construed to be something other than substantiation claims, the Complaint fails to demonstrate that Defendant's claims regarding SeroVital are false.[2] Dkt. No. 21-1.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may file a motion to dismiss based on the failure to state a claim upon which relief may be granted. A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial

---

[2] Both parties also ask the Court to take judicial notice of various documents in support of their positions. Dkt. Nos. 23, 33-1. Although in general the Court may not consider any materials beyond the pleadings when ruling on a Rule 12(b)(6) motion, *Lee v. City of L.A.*, 250 F.3d 668, 689 (9th Cir. 2001), the Court may, in some circumstances, consider evidence upon which the Complaint necessarily relies, *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010). However, the Court does not rely on any of the materials for which judicial notice is sought, and therefore all requests for judicial notice are DENIED AS MOOT.

plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotations and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Rule 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively."). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 663-64.

If a Rule 12(b)(6) motion is granted, the "court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks and citations omitted).

**DISCUSSION**

Defendant argues that the Complaint must be dismissed because it is based entirely upon substantiation allegations for which there exists no private right of action.[3]

California's UCL prohibits any "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising . . . ." Cal. Bus. & Prof. Code § 17200. The CLRA prohibits any "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer . . . ." Cal. Civ. Code § 1770. "In an action for false advertising under the UCL and CLRA, the plaintiff 'bears the burden of proving the defendant's advertising claim is false or misleading.'" *Stanley v. Bayer Healthcare LLC*, 2012 WL 1132920, at *3 (S.D. Cal. 2012) (quoting *Nat'l Council Against Health Fraud, Inc. v. King Bio Pharm., Inc.*, 107 Cal. App. 4th 1336, 1342 (2003)). Individuals may not bring suit under the UCL or the CLRA alleging only that advertising claims lack substantiation. *Id.* Instead, that right is reserved to "the Director of Consumer Affairs, the Attorney General, any city attorney, or any district attorney . . . ." Cal. Bus. & Prof. Code § 17508. Therefore, because no private right of action exists for a substantiation claim, private litigants may only bring claims under these sections for false or misleading advertising, and must provide adequate factual bases for such allegations. *Fraker v. Bayer Corp.*, 2009 WL 5865678, at *8 (E.D. Cal. Oct. 6, 2009).

In the false advertising context, an advertising claim is false if it has "actually been disproved," that is, if the plaintiff can point to evidence that directly conflicts with the claim. *Eckler v. Wal-Mart Stores, Inc.*, 2012 WL 5382218, at *3 (S.D. Cal. Nov. 1, 2012). By contrast, an advertising claim that merely lacks evidentiary support is said to be unsubstantiated. *Id.* ("There is a difference, intuitively, between a claim that has no evidentiary support one way or the other and a claim that's actually been disproved. In common usage, we might say that both are 'unsubstantiated,' but the caselaw (and common sense) imply that in the context of a false advertising lawsuit an 'unsubstantiated' claim is only the former.").

---

[3] Because the Court agrees with this argument, it does not reach Defendant's further argument regarding the reliability of the underlying study.

Plaintiff's allegations regarding Defendant's purportedly false advertising are as follows. The advertising for SeroVital is false and misleading because: (1) the only study supporting Defendant's representations did not test for "youthful skin integrity, lean musculature, elevated energy production, [and] adipose tissue distribution," and (2) that study is so deeply flawed that it cannot serve as a reliable basis for Defendant's representations.[4] First Am. Compl. ¶¶ 14-17.

As a preliminary matter, the Court rejects Plaintiff's first contention outright. The SeroVital advertising does not state that the product was clinically tested to produce "youthful skin integrity, lean musculature, elevated energy production, [and] adipose tissue distribution." *See id.* ¶ 14. It merely states that peak growth hormone levels are associated with those benefits. *Id.* ¶ 22. Thus, it is irrelevant that the study upon which the advertising claims rely did not test for the presence of those benefits, and this alleged deficiency cannot serve as the basis for Plaintiff's false advertising claim.

The Court finds Plaintiff's second contention similarly flawed. Plaintiff argues that she "does not simply allege that Defendant's growth hormone benefit representations are unsubstantiated; rather Plaintiff alleges that Defendant misrepresents that its growth hormone benefit representations are supported by clinical testing when they are not." Opp'n at 13; *see also id.* at 3 ("Because the sole study upon which Defendant bases the clinically tested growth hormone benefit representations is not methodologically sound, and no other study supports the growth hormone benefit representations, Defendant's growth hormone benefit representations are false and likely to deceive consumers."). Plaintiff's argument that Defendant claims support for its representations, when there in fact is no such support, perfectly describes a substantiation claim. *See Eckler*, 2012 WL 5382218, at *3. The Court finds that the Complaint, as drafted, alleges a substantiation claim, and not a claim for false or misleading advertising, and therefore cannot be brought as a private action.

Plaintiff argues that this case falls into a "recognized exception" to the rule against private

---

[4] Plaintiff does not dispute that SeroVital was technically "clinically tested." Plaintiff instead argues that the clinical test was so methodologically flawed that it cannot serve as "competent and reliable" scientific evidence of Defendant's advertising representations. Opp'n at 7.

substantiation actions. Opp'n at 14. Plaintiff misunderstands the law. The cases Plaintiff cites as evidence of this "exception," in fact found that the plaintiffs in those cases presented affirmative evidence that the defendants' advertising claims were false. *See, e.g.*, *McCrary v. Elations Co., LLC*, 2013 WL 6403073, at *1-2 (C.D. Cal. July 12, 2013) (finding sufficient plaintiff's claim that he did not receive the promised benefits, coupled with evidence of a scientific consensus that the ingredients in the challenged product were ineffective); *Hughes v. Ester C Co.*, 930 F. Supp. 2d 439, 456 (E.D.N.Y. 2013) (finding an affirmative misrepresentation claim where a study of the challenged product directly contradicted the defendant's advertising claims); *Rikos v. P&G*, 782 F. Supp. 2d 522, 527 (S.D. Ohio 2011) (same). The Court therefore rejects Plaintiff's contention that there exists any "recognized exception" to the rule against private enforcement of substantiation claims.

However, the Court must look at the Complaint as a whole to determine whether Plaintiff alleges only a substantiation claim. *See Bronson v. Johnson & Johnson, Inc.*, 2013 WL 1629191, at *8 (N.D. Cal. Apr. 16, 2013). "A claim can survive a lack of substantiation challenge by, for example, alleging studies showing that a defendant's statement is false." *Id.*

The Complaint does allude to the statements of certain authorities that may be relevant to Plaintiff's claims. Plaintiff alleges: (1) the FTC has stated that "no reliable evidence" supports that non-prescription products have the same effect as prescription HGH (Compl. ¶ 18); (2) the New England Journal of Medicine published an article touting HGH's benefits in the 1990s, and another in 2003 warning about the potential for misleading consumers (Compl. ¶¶ 19-20); and (3) the FDA has stated that "it is unaware of any reliable evidence to support anti-aging claims for over-the-counter pills and sprays that supposedly contain HGH" (Compl. ¶ 21). However, even viewing these allegations in the light most favorable to Plaintiff, the alleged statements do not demonstrate that Defendant's advertising claims are false. The first problem with these rather bare-bones allegations is that none of the authorities cited actually refer to SeroVital. The Court therefore cannot infer from these statements that Defendant's advertising claims are false. The second problem is that, with the exception of the statements attributed to the New England Journal of Medicine – which range in age from eleven to possibly more than twenty years old – the Court

6

has no way of knowing whether the alleged statements were made before SeroVital was in testing or on the market. If these statements were made at a time before SeroVital was created, then these statements may well be irrelevant because they refer to a world in which this product did not exist.

The Court finds that the Complaint, as drafted, is insufficient, and therefore GRANTS Defendant's motion. However, the Court cannot say at this time that it would be impossible for Plaintiff to amend her Complaint in a manner that would survive a Rule 12(b)(6) motion. Should Plaintiff choose to amend her Complaint, she must allege facts from which the Court can conclude that Defendant's advertising representations were false. As the Court has already stated, it is not enough for Plaintiff to attack the methodology of Defendant's study; instead, she must allege facts affirmatively disproving Defendant's claims. For example, Plaintiff could allege that one or more of the authorities alluded to actually studied or tested the formula SeroVital contains and found that it does not produce a 682% mean increase in HGH levels, or that Plaintiff herself did not experience such an increase when using the product, or that a study exists somewhere demonstrating that a 682% increase is categorically impossible to achieve in an over-the-counter pill. Of course, Plaintiff should only allege these facts if she can do so in good faith.

## CONCLUSION

Based on the analysis above, Defendant's Motion to Dismiss is GRANTED, WITH LEAVE TO AMEND. Any amended Complaint must be filed no later than December 1, 2014.

**IT IS SO ORDERED.**

Dated: October 30, 2014

_____
MARIA-ELENA JAMES
United States Magistrate Judge